# IN THE SUPREME COURT OF THE STATE OF NEVADA

**FILED**

IN THE MATTER OF DISCIPLINE OF MARINA KOLIAS, BAR NO. 6383.

No. 69102  JAN 22 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Marina Kolias. Under the agreement, Kolias admitted to violations of RPC 1.3 (diligence), RPC 1.15 (safekeeping property), RPC 8.1 (bar admission and disciplinary matters), and RPC 8.4 (misconduct).

Kolias received settlement funds on behalf of a client, made two disbursements to the client, issued a check to Medicare on behalf of the client, and retained more than $100,000 of the settlement funds in her trust account. She failed to respond to inquiries from a lienholder's counsel regarding payment of a subrogation lien and never paid the lien. She made no further disbursements of the remaining settlement funds to the client or on the client's behalf. Several months later, her bank closed the trust account after writing off a negative balance. After a grievance had been filed regarding the matter, Kolias failed to respond to multiple inquiries from the State Bar.[1]

---

[1]Kolias was temporarily suspended from the practice of law in Nevada on July 24, 2013, pending the resolution of disciplinary proceedings. *In re Discipline of Marina Kolias*, Docket No. 62783 (Order of Temporary Suspension, July 24, 2013); *see* SCR 102(4).

 
16-02324

The misconduct at issue here is similar to and occurred during the same time as that addressed in another disciplinary matter involving Kolias. In that matter, we suspended Kolias from the practice of law in Nevada for five years commencing on October 22, 2015. *In re Discipline of Marina Kolias*, Docket No. 67559 (Order of Suspension, October 22, 2015).

The agreement reached in this matter provides for a five-year suspension concurrent to the suspension imposed in Docket No. 67559 and requires that Kolias pay the costs of the disciplinary proceedings, excluding bar counsel and staff salaries. Additionally, Kolias agreed to the same conditions on reinstatement recommended by the hearing panel in Docket No. 67559: that Kolias make full restitution to all clients and the Client Security Fund and that she obtain a psychiatric evaluation declaring that her gambling addiction is under control and that she does not pose a threat to the public if allowed to practice law.

Based on our review of the record, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1). In particular, we conclude that the mitigating circumstances (personal and emotional problems and remorse) outweigh the aggravating circumstances (pattern of misconduct and substantial experience in the practice of law), *see* ABA Standards for Imposing Lawyer Sanctions, *Compendium of Prof'l Responsibility Rules and Standards*, Standard 4.11 (2015) (indicating that, absent aggravating or mitigating circumstances, "[d]isbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client"), and that additional discipline beyond that imposed in Docket No. 67559 is not necessary to serve the purpose of attorney discipline. *See In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008) (identifying four factors that must be weighed in determining the appropriate discipline: "the duty

violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors"); *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (observing that the purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney).

We hereby impose a five-year suspension to be served concurrently with the five-year suspension imposed in Docket No. 67559. Kolias must petition for reinstatement under SCR 116 and, in addition to successfully completing the State Bar examination as required by SCR 116(5), Kolias must comply with all of the conditions in the plea agreement, as outlined above, before she will be reinstated to the practice of law. Kolias shall pay the costs of the disciplinary proceedings, excluding bar counsel and staff salaries, within 30 days of receipt of the State Bar's bill of costs. *See* SCR 120. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

_____, J.
Pickering

cc: Chair, Southern Nevada Disciplinary Board
Michael J. Warhola, LLC
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court